**IN THE UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | |
|---|---|
| **HAILO TECHNOLOGIES, LLC,**<br>**Plaintiff,**<br>**v.**<br>**MTDATA, LLC,**<br>**Defendant.** | **Case No. 4:17-cv-077**<br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Hailo Technologies, LLC, ("Hailo" or "Plaintiff"), by and through its undersigned counsel, for its Amended Complaint against Defendant MtData, LLC ("MtData") makes the following allegations. These allegations below are all made upon information and belief after conducting a diligent pre-filing investigation.

**NATURE OF THE ACTION**

1. This is an action against Defendant for infringement of one or more claims of United States Patent No. 6,756,913 ("the '913 Patent").

**PARTIES**

2. Plaintiff Hailo Technologies, LLC, is a California limited liability company with its principal office located in California, at 35 Hugus Alley, Suite 210, Pasadena CA 91103.

3. Defendant MtData is a Delaware limited liability company, which has a principal place of business at 10661 Haddington Dr., Suite 180, Houston, TX. MtData can be served through its agent for service of process, Floyd John Kaminski, Jr., 5909 E 38th Ave, 3rd Floor, Denver, CO 80207.

**JURISDICTION AND VENUE**

4. This patent infringement action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, et seq.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § § 1331 and 1338(a) because it arises under United States Patent law.

6. This Court has personal jurisdiction over the Defendant because it (either directly or through its subsidiaries, divisions, groups or distributors) has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and this district; and/or specifically over the Defendant (either directly or through its subsidiaries, divisions, groups or distributors) because of its infringing conduct within or directed at the State of Texas and this district.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and §1391(c). Defendant is subject to this Court's personal jurisdiction because it offers to sell and does sell the Accused Products identified herein into the State of Texas and in this district.

**FACTS**

8. Plaintiff is the owner, by assignment, of U.S. Patent No. 6,756,913 ("the '913 Patent"), entitled "System for Automatically Dispatching Taxis to Client Locations," which was duly and legally issued on June 29th, 2004 by the United States Patent and Trademark Office ("USPTO").

9. A copy of the '913 Patent is attached to this Complaint as Exhibit A.

10. The claims of the '913 Patent are valid and enforceable.

**COUNT I: CLAIM FOR PATENT INFRINGEMENT**
**UNDER 35 U.S.C. § 271 (‘913 PATENT)**

11. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. Defendant makes, has made, sells, offers for sale, uses and/or imports into the United States, taxi dispatch hardware and software, including without limitation the Smart Dispatch system which interfaces with a server system and runs on Defendant’s ruggedized mobile data terminal or other portable type device such as a smartphone (“Accused Product”).

13. Examples of passenger applications interfacing with the Smart Dispatch system, include but are not limited to the “Denver Taxi App”, “Hailacab Houston”, “Hailacab Austin”, “Hailacab San Antonio”, and “Hailacab Galveston” apps.

14. Screenshots from Defendant’s website and Defendant’s customer’s website depicting the Accused Product are attached to this Complaint as Exhibit B.

15. Screenshots from Defendant’s “Hailacab Houston” software application interfacing with the Accused Product are attached to this Complaint as Exhibit C.

16. The Accused Product is a taxi dispatch system that features an in-cab driver screen. See Exhibit D.

17. The Smart Dispatch system displays tracking of the taxi based on notifications sent to the server. *See* Exhibit B, page 2 and Exhibit C, page 1.

18. As described on Defendant’s website and Defendant’s customer’s website, the Accused Product is a system for a taxi which sends notifications to a server regarding the status of the taxi, as set forth in at least claims 1 and 3 of the ‘913 Patent.

19. Claim 1 of the ‘913 Patent covers “A method for sending notifications to a server, comprising: periodically sensing if a meter on a taxi is active to determine if the taxi is available

for customer service; on sensing that the vehicle is available, periodically: determining the vehicle's current position coordinates information using a position coordinates determination device; sending said current position coordinates information to said server."

20. The Accused Product executes a method for sending notifications to a server as the system is "cloud based" which means it interfaces with a server available in the cloud. *See* Exhibit B, page 2.

21. The Accused Product periodically senses if a meter on a taxi is active to determine if the taxi is available for customer service because it enables passengers to locate available cabs in real time to see the closest cabs. *See* Exhibit C, page 1.

22. On periodically sensing the vehicle is available, the Accused Product determines the vehicle's current position coordinates information using a position coordinates determination device because only available cabs are displayed to the passenger. Taxis disappear from the screen when they are off duty or booked and no longer available. Taxis reappear when they become available again. *See* Exhibit C, page 1.

23. The position coordinates information is also sent to the server as it is the server that relays the position coordinates information to the user interface.

24. Claim 3 of the '913 Patent covers "A system for location in a taxi for sending notifications to a server, comprising: a position coordinates determination device for obtaining location information; a transmitter for sending location information obtained from said determination device; and a sensor for sensing if a taxi meter is active or not, thereby indicating availability status, wherein upon sensing of the availability status of the taxi meter, said transmitter sends location information."

25. The Accused Product includes a ruggedized mobile data terminal installed in a taxi that sends location information to a server. *See* Exhibit B, page 2 and Exhibit D.

26. The Accused Product operates from a cloud based system or from the server of the user. *See* Exhibit B, page 2.

27. The Accused Product includes a system for determining the position coordinates, i.e. location information, of the taxi as it includes a Global Position System (GPS) that provides the taxi's position coordinates. *See* Exhibit C, page 1.

28. The Accused Product also includes a wireless transmitter that functions to send the GPS location information to a server.

29. The Accused Product includes an "Off Duty" toggle, which when selected, identifies the taxi as inactive. *See* Exhibit B, page 1.

30. When the taxi is identified as "Off Duty" or otherwise booked it is marked as unavailable thereby removing the taxi from display on the passenger application. When the taxi is identified as available, it is marked as available thereby displaying the taxi on the passenger application. Thus, the Accused Product includes a sensor for sensing if the taxi is active and available or off duty or otherwise booked and unavailable, thereby indicating availability status and sending that information to the server. *See* Exhibit C, page 1.

31. The Accused Product transmits the location information of the taxi to the server if the taxi is available.

32. Each aspect of the Accused Product itemized in paragraphs 12-31 above, is an element in Claims 1 and 3 of the '913 Patent.

33. Thus, the Accused Product infringes at least claims 1 and 3 of the '913 Patent.

34. Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing infringement of the '913 Patent.

35. As a direct and proximate result of Defendant's infringement of the '913 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined, including but not limited to Plaintiff's lost profits and/or a reasonable royalty.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

A. In favor of Plaintiff that Defendant has infringed one or more claims of the '913 Patent, either literally or under the doctrine of equivalents;

B. Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '913 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty; and

C. For such other and further relief as may be just and equitable.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

DATED: March 28, 2017

Respectfully submitted,

*/s/ Todd Y. Brandt*

Todd Y. Brandt
State Bar No. 24027051
BRANDT LAW FIRM
222 N. Fredonia Street
Longview, Texas 75606
Telephone: (903) 212-3130
Facsimile: (903) 753-6761
tbrandt@thebrandtlawfirm.com

***Attorneys for Plaintiff Hailo Technologies, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that the following counsel of record, who are deemed to have consented to electronic service are being served this 28th day of March, 2017, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ *Todd Y. Brandt*
Todd Y. Brandt